# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | CRIMINAL NO: 20-10039-RWZ |
| DAVID M. NANGLE, | ) ) ) | |
| Defendant. | ) ) | |

## PROTECTIVE ORDER

A motion having been made by the government pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Local Rule 116 for a protective order which prohibits the disclosure of materials (including documents and recordings), and information contained therein, by defense counsel except for the purpose of the legal defense in the case captioned above, and which restricts the disclosure and use of materials by any defendant, it is hereby ORDERED, as follows:

1. With respect to all materials, and information contained therein, disclosed by the government to defense counsel of record in this case, defense counsel of record and the agents of defense counsel (members of the office of defense counsel who are directly engaged in assisting in the legal defense of this case, and other persons retained by defense counsel for the purpose of assisting in the legal defense of this case) may further disclose such materials, or information contained therein, only for the purpose of the legal defense of the above-captioned case. Such permissible disclosure by defense counsel of record and the agents of defense counsel of record includes providing the above-referenced materials, and the information contained therein, to the defendants for the purpose of the legal defense of the above-captioned case unless otherwise ordered by the Court.

2. Defense counsel of record may disclose such materials, and information contained therein, to potential witnesses only for the purpose of the legal defense in this matter, provided that defense counsel of record have made a good faith determination that such disclosure is necessary to the proper preparation of the legal defense in this case. Copies of such materials, however, shall only be shown or played, and shall not be given, to such witnesses. In addition, defense counsel of record must redact any social security numbers, dates of birth, home addresses, names of minor children, and financial account numbers of third parties from the copies of materials shown to or played for such witnesses. If the materials shown to or played for a particular witness contain the social security number, date of birth, home address, names of minor children, and financial account numbers of that particular witness, however, this identifying and confidential information of that particular witness need not be redacted from the materials for the limited purpose of showing the materials to that particular witness. In the case of any expert witness hired by defense counsel for the purpose of the legal defense in this case, defense counsel is permitted to disclose unredacted materials to said expert witness for the purpose of the legal defense in this case so long as the expert witness: (a) has signed the attached Agreement To Be Bound By Order and this signed document has been filed with the Court as set forth in Paragraph 3 below; (b) does not make any copies of the materials produced to them by defense counsel; and (c) returns all materials, or documents reflecting the information contained in the materials, to defense counsel of record at the conclusion of the case.

3. Prior to disclosing any materials, or information contained therein, to any potential witness as set forth in Paragraph 2 of this Order, defense counsel of record shall fully explain the terms of this Order and obtain from each potential witness to whom such disclosure is made, an acknowledgment of the terms of this Order and their agreement to comply with its terms.

Each potential witness to whom disclosure is made by defense counsel shall endorse a copy of this Order, and defense counsel of record shall file such an endorsed copy with the Court. In the event that a potential witness declines to execute a copy of this Order, defense counsel of record shall file notice with the Court that such a disclosure has been made and that the named potential witness has been informed of the content of the Order. Such filings shall be filed under seal and *ex parte*. The government shall have access to these filings only upon motion to the Court and for good cause shown.

4. No defendant nor any other person receiving from defense counsel of record or the agents of defense counsel the materials, or the information contained therein, disclosed to defense counsel by the government in this case, is permitted to further disseminate or further disclose such materials or information for any purpose at any time.

_____
HON. DONALD L. CABELL
UNITED STATES MAGISTRATE JUDGE

DATE: _____

## AGREEMENT TO BE BOUND BY ORDER

       I hereby acknowledge that I have read the contents of the above protective order entered in *United States v. David M. Nangle*, No. 20-CR-10039-RWZ, and have had the terms explained to me. I agree that the order applies to me, that I am bound by its terms, and that I shall comply with its terms.

_____
NAME:

_____
DATE