UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) 20-cr-10039-RWZ |
| DAVID M. NANGLE | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)**

The parties submit this memorandum addressing Local Rule 116.5(b).

**I.     Local Rule 116.5(b)(1)**

On March 4 and March 12, 2020, the government conferred with defense counsel regarding discovery in accordance with Rule 16.1. On March 19, 2020, the government produced to defense counsel automatic discovery pursuant to Fed. R. Crim. P. 16 and Rules 116.1(c) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts. As part of its production, the government included a complete, bates-stamped index of the discovery. In addition, the government prepared and submitted to the defense a list of "hot docs" that identified, by description and bates-number, specific documents that referenced or supported the allegations in the Indictment.

**II.    Local Rule 116.5(b)(2)**

The government is unaware of any additional discovery required to be produced pursuant to Fed. R. Crim. P. 16 and Rules 116.1(c) and 116.2 of the Local Rules.

**III.   Local Rule 116.5(b)(3)**

The defendant has reviewed the automatic discovery and does not anticipate filing any additional discovery requests at this time.

1

**IV.     Local Rule 116.5(b)(4)**

The government, with defense counsel's assent, moved for a protective order with respect to discovery.  *See* ECF Dkt. No. 16.  On March 17, 2020, after granting the request, the Court issued a protective order with respect to the government's discovery.  *See* ECF Dkt. No. 19.

**V.      Local Rule 116.5(b)(5)**

The defense has reviewed the automatic discovery and does not anticipate filing any motions under Fed. R. Crim. P. 12(b) at this time.

**VI.     Local Rule 116.5(b)(6)**

The parties agree that expert disclosures for the government shall be due 30 days before trial and that the defendant's disclosures be due 21 days before trial.

**VII.    Local Rule 116.5(b)(7)**

The defendant does not anticipate raising a defense of insanity or alibi.  The defendant will provide notice of intent to raise any defense of public authority or exemption on or before September 1, 2020.

**VIII.   Local Rule 116.5(a)(8)**

The defendant made his initial appearance on the Indictment on February 18, 2020.  On that date, the Court set an Initial Status Conference for March 19, 2020, with the time from February 18, 2020 to March 19, 2020 excluded under the Speedy Trial Act.  ECF Dkt. No. 10.  In light of the parties' joint initial memorandum, ECF Dkt. No. 17, the Court cancelled the March 19, 2020 status conference and set a further status conference for April 16, 2020, ECF Dkt. No. 20.  The Court excluded the time from March 17, 2020 to April 16, 2020 under the Speedy Trial Act, ECF Dkt. No. 31.  On April 16, 2020, the Court conducted a hearing concerning certain conditions of defendant's release.  ECF Dkt. No. 32.  The Court then scheduled an interim status conference for June 10, 2020 and excluded the time from April 16, 2020 to June 10, 2020 under the Speedy

Trial Act, ECF Dkt. Nos. 34, 35.

On June 4, 2020, in light of the parties' joint interim status report (ECF Dkt. No. 36), the Court canceled the June 10, 2020 interim status conference and set a further interim status conference for July 29, 2020, ECF Dkt. No. 37. The Court also excluded the time from June 10, 2020 to July 29, 2020 in the interests of justice under the Speedy Trial Act, ECF Dkt. No. 38.

## IX. Local Rule 116.5(b)(9)

As of the date of this filing, the parties have not entered into any plea negotiations. The government estimates that a trial in this matter will take approximately two to three weeks.

## X. Local Rule 116.5(b)(10)

The government and the defendant request that a final status conference be scheduled approximately 45 days from the July 29, 2020 status conference. The parties also agree to exclude the time under the Speedy Trial Act from July 29, 2020 through the Final Status Conference in the interests of justice.

Respectfully submitted,
ANDREW E. LELLING
UNITED STATES ATTORNEY

By:/s/ Dustin Chao
Dustin Chao
Kunal Pasricha
Assistant U.S. Attorneys


Respectfully submitted,
DAVID M. NANGLE, by his attorney

/s/ Carmine P. Lepore
Carmine P. Lepore
Lepore & Hochman, P.A.
One Sprague Street
Revere, MA 02151

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                /s/ *Dustin Chao*
                                                Dustin Chao
                                                Assistant U.S. Attorney

Date: July 21, 2020