UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                  )<br>                                                       )     20-cr-10039-RWZ<br>DAVID M. NANGLE                      )<br>                                                       )<br>         Defendant.                           )<br>                                                       ) | |

**MEMORANDUM PURSUANT TO LOCAL RULE 116.5(c)**

The parties submit this memorandum addressing Local Rule 116.5(c).

**I.      Local Rule 116.5(c)(2)(A)**

The parties respectfully request that this case remain with the Court for further proceedings. To date, the government has produced all discovery required pursuant to Fed. R. Crim. P. 16 and Rules 116.1(c) and 116.2 of the Local Rules. The defendant is continuing to review the discovery. The parties are continuing to discuss pretrial matters cooperatively and no discovery motions have been filed at this time. Given the nature of the charges, the defendant believes that additional time is necessary to review discovery materials and make informed pretrial decisions.

The charges, even as currently alleged, are serious and complicated. The case is further complicated because the government has informed the defendant that the government's investigation into the defendant's conduct continues. (The government also notes that the ongoing pandemic has directly impacted the timing of certain aspects of its ongoing investigation (*e.g.*, quarantine periods have delayed several investigative activities)).

For all those reasons, the parties believe that additional time is needed before this matter can be ready for trial.

1

**II.     Local Rule 116.5(c)(2)(B)**

There are currently no pending or unresolved discovery requests or motions, but the parties request additional time for the reasons discussed above.

**III.    Local Rule 116.5(c)(2)(C)**

There are currently no pending or unresolved motions under Fed. R. Crim. P. 12(b), but the parties request additional time for the reasons discussed above.

**IV.    Local Rule 116.5(c)(2)(D)**

No speedy trial days have elapsed in this matter. The defendant made his initial appearance on the Indictment on February 18, 2020. On that date, the Court set an Initial Status Conference for March 19, 2020, with the time from February 18, 2020 to March 19, 2020 excluded under the Speedy Trial Act. ECF Dkt. No. 10. In light of the parties' joint initial memorandum, ECF Dkt. No. 17, the Court cancelled the March 19, 2020 status conference and set a further status conference for April 16, 2020, ECF Dkt. No. 20. The Court excluded the time from March 17, 2020 to April 16, 2020 under the Speedy Trial Act, ECF Dkt. No. 31. On April 16, 2020, the Court conducted a hearing concerning certain conditions of defendant's release. ECF Dkt. No. 32. The Court then scheduled an interim status conference for June 10, 2020 and excluded the time from April 16, 2020 to June 10, 2020 under the Speedy Trial Act, ECF Dkt. Nos. 34, 35.

On June 4, 2020, in light of the parties' joint interim status report (ECF Dkt. No. 36), the Court canceled the June 10, 2020 interim status conference and set a further interim status conference for July 29, 2020, ECF Dkt. No. 37. The Court also excluded the time from June 10, 2020 to July 29, 2020 in the interests of justice under the Speedy Trial Act, ECF Dkt. No. 38.

On July 22, 2020, in light of the parties' joint interim status report (ECF Dkt. No. 39), the Court canceled the July 29, 2020 interim status conference and set a further interim status conference for September 16, 2020, ECF Dkt. No. 40. The Court also excluded the time from July

29, 2020 to September 16, 2020 in the interests of justice under the Speedy Trial Act, ECF Dkt. No. 41.

On September 15, 2020, in light of the parties' joint interim status report (ECF Dkt. No. 42), the Court canceled the September 16, 2020 interim status conference and set a further status conference for October 29, 2020, ECF Dkt. No. 43. The Court also excluded the time from September 16, 2020 to October 29, 2020 in the interests of justice under the Speedy Trial Act, ECF Dkt. No. 44.

On October 29, 2020, in light of the parties' joint interim status report (ECF Dkt. No. 45), the Court canceled the October 29, 2020 interim status conference and set a further status conference for December 22, 2020, ECF Dkt. No. 46. The Court also excluded the time from October 29, 2020 to December 22, 2020 in the interests of justice under the Speedy Trial Act, ECF Dkt. No. 47.

V.      **Local Rule 116.5(c)(2)(E)**

The government estimates that testimony in its case-in-chief will require two to three weeks of trial days.

VI.     **Local Rule 116.5(c)(3)**

The government and the defendant respectfully request that an additional status conference be scheduled approximately 45 days from the December 22, 2020 status conference. The parties also agree to exclude the time under the Speedy Trial Act from December 22, 2020 through the next status conference in the interests of justice.

Respectfully submitted,
ANDREW E. LELLING
UNITED STATES ATTORNEY

By: */s/ Dustin Chao*
Dustin Chao
Kunal Pasricha
Assistant U.S. Attorneys


Respectfully submitted,
DAVID M. NANGLE, by his attorney

*/s/ Carmine P. Lepore*
Carmine P. Lepore
Lepore & Hochman, P.A.
One Sprague Street
Revere, MA 02151


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Dustin Chao*
Dustin Chao
Assistant U.S. Attorney

Date: December 15, 2020