

U.S. Department of Justice

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

February 22, 2021

Carmine P. Lepore, Esq.
Lepore & Hochman, P.A.
One Sprague Street
Revere, MA 02151

Re:  United States v. David M. Nangle
     Criminal No. 20-10039-RWZ

Dear Mr. Lepore:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, David M. Nangle ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.  Change of Plea

Defendant will waive Indictment and plead guilty to all counts in the Superseding Information: specifically, counts 1-10 (wire fraud, in violation of 18 U.S.C. § 1343); counts 11-14 (bank fraud, in violation of 18 U.S.C. § 1344); counts 15-18 (making false statements to a bank, in violation of 18 U.S.C. § 1014); and counts 19-23 (filing false tax returns, in violation of 26 U.S.C. § 7206(1)). Defendant admits that he committed the crimes specified in these counts and that he is in fact guilty of each one.

The U.S. Attorney agrees not to charge Defendant with (a) obstruction of justice in violation of 18 U.S.C. § 1503, or (b) extortion or obtaining property under color of official right in violation of 18 U.S.C. § 1951 arising from or relating to the stream of benefits from the Billerica Owner to Defendant, including two payments made to Defendant by the Billerica Owner as described in the Superseding Information. This agreement is limited to facts known to the U.S. Attorney as of the date of this Plea Agreement.

2. <u>Penalties</u>

Defendant faces the following maximum penalties:

On each count of wire fraud, in violation of 18 U.S.C. § 1343, incarceration for up to 20 years; supervised release for up to 3 years; a fine of up to $250,000 or twice the gross gain or loss from the offense, whichever is higher; a mandatory special assessment of $100; restitution; and forfeiture to the extent alleged in the Superseding Information.

On each count of bank fraud, in violation of 18 U.S.C. § 1344, incarceration for up to 30 years; supervised release for up to 5 years; a fine of up to $1,000,000 or twice the gross gain or loss from the offense, whichever is higher; a mandatory special assessment of $100; restitution; and forfeiture to the extent alleged in the Superseding Information.

On each count of making false statements to a bank, in violation of 18 U.S.C. § 1014, incarceration for up to 30 years; supervised release for up to 5 years; a fine of up to $1,000,000 or twice the gross gain or loss from the offense, whichever is higher; a mandatory special assessment of $100; and restitution.

On each count of filing false tax returns, in violation of 26 U.S.C. § 7206(1), incarceration for up to 3 years; supervised release for up to 1 year; a fine of up to $250,000 or twice the gross gain or loss from the offense, whichever is higher; a mandatory special assessment of $100; and restitution.

3. <u>Sentencing Guidelines</u>

The parties have no agreements as to the application of the United States Sentencing Guidelines other than the following: the parties agree that offense level calculated by the Court should be decreased by 3 levels under USSG § 3E1.1 based on Defendant's early acceptance of responsibility.

Defendant understands that the Court is not required to sentence Defendant within the Guidelines and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case, including information about the uncharged conduct described in Paragraph 1.

2

4. <u>Sentence Recommendation</u>

The parties have no agreements as to the positions they will take or the sentence they will recommend at Defendant's sentencing hearing.

5. <u>Waiver of Appellate Rights and Challenges to Conviction</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) He will not challenge any prison <u>sentence</u> of 30 months or less, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

3

6. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty and that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets. However, the parties agree that for purposes of forfeiture, the United States will not seek forfeiture of Defendant's current residence in Lowell, Massachusetts. Notwithstanding the above, the United States reserves the right to pursue the proceeds of any future sale of the real property to satisfy any outstanding financial obligations including forfeiture and/or restitution.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States Department of Probation may share any financial information about Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

4

7. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw his guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if he breaches any provision of this Agreement or engages in any of the aforementioned conduct, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*    \*    \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Dustin Chao or Kunal Pasricha.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
DUSTIN CHAO
Chief, Public Corruption Unit

_____
KUNAL PASRICHA
Assistant United States Attorney
District of Massachusetts

6

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
DAVID M. NANGLE
Defendant

Date: 2/23/21

I certify that David M. Nangle has read this Agreement and that we have discussed what it means. I believe David M. Nangle understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
CARMINE P. LEPORE, ESQ.
Attorney for Defendant

Date: 2/23/21

7